**THE HONORABLE BRIAN D. LYNCH**
**CHAPTER 13**
**HEARING DATE: March 11, 2020**
**HEARING TIME: 1:30 P.M.**
**LOCATION: Tacoma, Washington**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No.: 19-43928-BDL |
| GLADYS NANJEKE KALIMUKWA and MULENGA SABBATH MAKUNGU (DISMD 1/22/20), | OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |
| Debtors. | |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and objects to confirmation as follows:

## BACKGROUND

Debtors filed this Chapter 13 case on December 10, 2019. The applicable commitment period is thirty six months. The case is currently in the third month and the Meeting of Creditors has been completed. The bar date for filing non-governmental claims was February 18, 2020. Filed unsecured claims total $1,927.68, and filed priority claims total $44,852.40. The plan as filed proposes 100% repayment to general unsecured filed and allowed claims.

OBJECTION TO CONFIRMATION
- 1 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

## OBJECTION

☒ Plan is not feasible: Debtors do not have the ability to make the plan payments. Before a plan can be confirmed, the debtor must demonstrate that s/he has the ability "to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The Debtors are currently $1,952.43 delinquent in plan payments. *See* attached declaration. As the Debtors cannot afford the current payment, it is unlikely that s/he will be able to afford the increased plan payment.

☐ Plan is not proposed in good faith or is forbidden by law:

☐ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B):

☐ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4):

☐ Schedules or other documentation insufficient:

☒ Other: Trustee requests that the debtor provide a timeline in the plan for the proposed mortgage modification and alternative treatment if the modification is not resolved by a date certain.

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and Debtors be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the hearing on the next available motion calendar after the 14 days expires. If the Motion to Confirm resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 3rd day of March, 2020.

/s/ Matthew J.P. Johnson
Matthew J.P. Johnson, WSBA# 40476 for
Michael G. Malaier, Chapter 13 Trustee

OBJECTION TO CONFIRMATION - 2

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600